UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MID-ATLANTIC EQUITY CONSORTIUM, INC.,** et al.<br>    *Plaintiffs*,<br><br>       v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION**, et al.<br><br>    *Defendants*. | Civil Action No. 1:25-cv-01120 (PLF) |

### PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Mid-Atlantic Equity Consortium, Inc. ("MAEC") and NAACP, NAACP Tennessee State Conference, and Somerville-Fayette NAACP, on behalf of their members, hereby move for a preliminary injunction against Defendants, the United State Department of Education and Linda McMahon in her capacity as Secretary of Education.

Plaintiffs are nonpartisan, nonprofit organizations who have suffered irreparable harm as the result of Defendants' termination of the Equity Assistance Center ("EAC") program, including Plaintiff MAEC's EAC grant. The EAC program was established by the Civil Rights Act of 1964 and, until its unlawful termination by Defendants, provided needed desegregation assistance to school districts and local education agencies throughout the nation, including those employing Plaintiffs' members and serving Plaintiffs' members, through the services of Plaintiff MAEC and other grantees. Defendants' conduct has irreparably harmed and will continue to irreparably harm Plaintiff MAEC and Black students and educators across the country by depriving Black students and educators, including Plaintiffs' members, of the benefit of needed technical assistance to

1

redress discriminatory practices and hostile environments in their schools and by inflicting irreparable economic and reputational harm on Plaintiff MAEC.

Defendants' termination of the EAC program, including Plaintiff MAEC's EAC grant, violates Plaintiff MAEC's First and Fifth Amendment rights to engage in speech free of unconstitutional grant conditions and Plaintiffs NAACP, NAACP Tennessee State Conference, and Somerville-Fayette NAACP's First Amendment right to receive information and training. Defendants' termination of the EAC program further violates Plaintiffs' rights to due process under the Fifth Amendment and their rights under the Administrative Procedure Act and violates the Separation of Powers.

Plaintiffs respectfully request the Court enjoin Defendants and order that: (1) The Termination Letters issued to the EAC program grantees on February 13, 2025 are vacated and set aside; (2) Defendants are preliminarily and permanently enjoined from ending the EAC program and otherwise implementing or enforcing the Termination Letters in a manner that hinders the EAC program; (3) Defendants are preliminarily and permanently enjoined from evaluating the EAC program, including Plaintiff MAEC's grant award performance and continuation, pursuant to any criteria other than properly promulgated agency priorities, published as final rulemakings in the Federal Register pursuant to GEPA; (4) Defendants are preliminarily and permanently enjoined from implementing their February 2025 Grant Appeals Procedure; (5) Defendants are required, before terminating its EAC grant, to provide Plaintiff MAEC with a detailed statement of the factual allegations of Plaintiff MAEC's failure to perform its duties under the grant award and/or the cooperative agreement and an opportunity to cure the alleged noncompliance; (6) Defendants are required to allow Plaintiff MAEC the time and opportunity to exercise its due process rights granted by Title VI, GEPA, the OMB Uniform Guidance, and other applicable

authorities, to pursue its appeal pursuant to the procedures set forth in GEPA. Plaintiffs also request that the Court, pursuant to 28 U.S.C §§ 2201 and 2202 declare that the Defendants' termination of the Equity Assistance Center grants is unlawful.

As set forth in the accompanying Memorandum of Law, Plaintiffs are entitled to preliminary relief because they are likely to succeed on the merits, are suffering and will continue to suffer irreparable harm, and the balance of equities and the public interest support the issuance of an injunction.

Dated: May 22, 2025                                          Respectfully submitted,

/s/Charles McLaurin
Charles McLaurin
DC Bar No. 1000107
Joseph Wong
DC Bar No. 1017589
NAACP Legal Defense and
Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (202) 682-1312
cmclaurin@naacpldf.org
jwong@naacpldf.org

Katrina Feldkamp*
Tiffani Burgess*
Maia Cole*
Victor Genecin*
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
kfeldkamp@naacpldf.org

                                        tburgess@naacpldf.org
                                        mcole@naacpldf.org
                                        vgenecin@naacpldf.org

\* *Pro hac vice* admission forthcoming

*Counsel for Plaintiffs*